1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIMEE L.,

                             Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

Case No. C20-504-MLP

ORDER

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her testimony and certain medical opinions. (Dkt. #16 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Plaintiff was born in 1970, and has a 9th-grade education and GED, as well as cosmetology training. AR at 44, 231. She previously worked as a restaurant waitress/hostess and painter. *Id*. at 45, 231. Plaintiff was last gainfully employed in 2015 or 2016. *Id*. at 45-46.

In October 2016, Plaintiff applied for benefits, alleging disability as of February 28,

ORDER - 1

1    2014. AR at 199-207. Plaintiff's application was denied initially and on reconsideration, and

2    Plaintiff requested a hearing. *Id.* at 113-21, 125-34. After the ALJ conducted a hearing in

3    October 2018 (*id.* at 33-70), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-27.

4            Utilizing the five-step disability evaluation process,[1] the ALJ found:

5            Step one: Plaintiff has not engaged in substantial gainful activity since the application
             date.

6

7            Step two: Plaintiff has the following severe impairments: attention deficit hyperactivity
             disorder, depression, fibromyalgia, and left knee degenerative joint disease.

8            Step three: These impairments do not meet or equal the requirements of a listed
             impairment.[2]

9

10           Residual Functional Capacity: Plaintiff can perform light work with additional
             limitations: she can lift/carry 20 pounds occasionally and 10 pounds frequently. She can

11           stand and/or walk for six hours and sit for six hours, in an eight-hour workday. She can
             frequently climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. She can

12           frequently balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead
             bilaterally. She can have no concentrated exposure to extreme cold, vibration, or hazards

13           (such as moving machinery, heights, etc.). She is able to understand, remember, and
             perform simple, routine tasks. She can have occasional superficial contact with the
             public.

14

15           Step four: Plaintiff cannot perform past relevant work.

16           Step five: As there are jobs that exist in significant numbers in the national economy that
             Plaintiff can perform, Plaintiff is not disabled.

17   AR at 17-27.

18           As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

19   Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

20   Commissioner to this Court. (Dkt. ## 1, 4.)

21                          III.   LEGAL STANDARDS

22           Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

23

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Erred in Assessing Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of medical opinions written by examining psychologists John Arnold, Ph.D., and Thomas Rowe, Ph.D.; and treating nurse Linda Van Hoff, ARNP. *See* AR at 357-61, 632-40, 345-47. The Court will consider each disputed opinion in turn.

#### 1.    *Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-

treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Social Security regulations distinguish between "acceptable medical sources" and other medical sources. Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources." 20 C.F.R. § 416.902. Less weight may be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of such opinions, and the ALJ may discount the evidence by providing reasons germane to each source. *Molina*, 674 F.3d at 1111.

### 2.    The ALJ Erred in Assessing Dr. Arnold's Opinion

Dr. Arnold examined Plaintiff in February 2015 and completed a DSHS form opinion describing her symptoms and limitations. AR at 357-61. Dr. Arnold opined that Plaintiff had several moderate and marked functional limitations. *Id.* at 359.

The ALJ discounted Dr. Arnold's opinion because it was written more than a year before Plaintiff filed her application for benefits and is therefore outside the time period found relevant by the ALJ, and because Dr. Arnold listed a rule-out amphetamine abuse diagnosis. AR at 17, 24.

Neither reason is legitimate. Dr. Arnold's examination was indeed performed more than a

year before Plaintiff's current benefits application was filed, and is therefore, outside the relevance window identified by the ALJ. AR at 17. But Plaintiff requested at the hearing that the ALJ reopen a prior application that had been filed in January 2016 (*id*. at 47) and denied in March 2016 (*id*. at 107-10), and the ALJ did not rule on Plaintiff's request at the hearing or in the written decision. The Commissioner contends that the ALJ's oversight was harmless error. (Dkt. # 17 at 16-17.) But if the ALJ had reopened Plaintiff's prior application, Dr. Arnold's opinion would not have been discounted based on timing, because it was written within 12 months of the date the prior application was filed, and thus the ALJ's failure to rule on Plaintiff's request impacted the ALJ's assessment of Dr. Arnold's opinion.

Furthermore, the ALJ did not explain why Dr. Arnold's rule-out amphetamine abuse diagnosis undermined the value of Dr. Arnold's conclusions as to Plaintiff's functional limitations. Plaintiff reported to Dr. Arnold that she had used methamphetamine three or four times in the past year (AR at 357), but Dr. Arnold did not recommend chemical dependency assessment/treatment and also opined that Plaintiff's limitations were not primarily caused by drug or alcohol use (*id*. at 359). Thus, in the absence of an explanation as to how Dr. Arnold's rule-out amphetamine abuse diagnosis undermines his conclusions, the Court does not find the ALJ's reasoning to be legitimate.

On remand, the ALJ should reconsider Dr. Arnold's opinion and explicitly rule on Plaintiff's request to reopen her prior application.

*3.    The ALJ Erred in Assessing Dr. Rowe's Opinion*

Dr. Rowe examined Plaintiff in June 2017 and wrote a narrative report describing her symptoms and limitations. AR at 632-40. Dr. Rowe did not describe any specific functional

limitations but indicated that Plaintiff had concentration and persistence deficits and cognitive limitations. *Id*. at 638-39.

The ALJ gave "some weight" to Dr. Rowe's opinion, noting that Dr. Rowe recorded low objective test scores, but that Dr. Rowe "specifically noted the negative effects of opiate medication on [Plaintiff's] demonstrated functioning at testing." AR at 24. The Court agrees with Plaintiff (dkt. # 16 at 11) that the ALJ mischaracterized Dr. Rowe's opinion via selective quotation: Dr. Rowe did note (as the ALJ quoted in the decision) that Plaintiff was taking opiate medications, which can impact cognitive functioning, but went on to indicate (in a part of the opinion that was not quoted by the ALJ) that the medication would *not* explain her low memory test scores because other test results were incompatible with opiate intoxication. AR at 639. Instead, Dr. Rowe suggested that Plaintiff's low memory test scores reflect deficits in retention as well as low motivation and fatigue during testing. *Id*.

The ALJ's stated reasoning is not legitimate because it does not accurately reflect the content of Dr. Rowe's opinion, and therefore on remand, the ALJ should reconsider Dr. Rowe's opinion and may recontact him for clarification, if warranted.

    4.    *The ALJ Did Not Harmfully Err in Assessing Ms. Van Hoff's Opinion*

Ms. Van Hoff completed a DSHS form opinion in February 2018 describing Plaintiff's physical symptoms and limitations. AR at 645-47. Ms. Van Hoff listed Plaintiff's fibromyalgia diagnosis and opined that Plaintiff was limited to performing sedentary work for 6-12 months. *Id*. at 646-47. Contemporaneous treatment notes indicated that Ms. Van Hoff had concerns about whether Plaintiff's eligibility for benefits would be negated by part-time work. *Id*. at 648-49.

The ALJ gave "some weight" to Ms. Van Hoff's opinion, noting that it was an opinion of limited duration and finding that her indication of Plaintiff's full range of motion was

1    inconsistent with a restriction to sedentary work. AR at 23-24. These are germane reasons to

2    discount Ms. Van Hoff's opinions, based on reasonable inferences from the record. *See*

3    *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (indicating that

4    temporary limitations are insufficient to meet the durational requirement for a finding of

5    disability and serve as a valid reason to reject a physician's opinion); *Bayliss*, 427 F.3d at 1216

6    (rejecting physician's opinion due to discrepancy or contradiction between opinion and the

7    physician's own notes or observations is "a permissible determination within the ALJ's

8    province"). Although Plaintiff offers alternative interpretations of Ms. Van Hoff's opinion (dkt. #

9    16 at 4), she has not shown that the ALJ's interpretation was unreasonable, and therefore has not

10   established error. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.

11   1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's

12   conclusion that must be upheld.").[3]

13           **B.      The ALJ Erred in Discounting Plaintiff's Subjective Allegations**

14           The ALJ discounted Plaintiff's subjective allegations because (1) her activities contradict

15   her allegations, (2) her poor work history undermines her allegation that she is unemployed due

16   to her impairments, and (3) the medical record is inconsistent with her allegations and also

17   reveals irregularities in Plaintiff's use of medications. AR at 22-23. Plaintiff contends that these

18

19

20   [3] These valid reasons to discount Ms. Van Hoff's opinions render harmless any error in the ALJ's finding
     that Ms. Van Hoff's opinion was tainted by non-medical reasons. AR at 24. Ms. Van Hoff did express
21   concern in her treatment notes that if Plaintiff worked part-time she would be ineligible for benefits, but
     there is no apparent connection between this concern and Ms. Van Hoff's opinion as to Plaintiff's ability
22   to work because Ms. Van Hoff's treatment notes include her opinion that Plaintiff does not have "the
     capacity for full-time work in any significant way." *Id.* at 649. Thus, to the extent that the ALJ erred in
23   interpreting Ms. Van Hoff's opinion as undermined by her treatment notes discussing the interplay
     between benefits eligibility and part-time work, this error is harmless in light of the other valid reasons
     provided by the ALJ for discounting Ms. Van Hoff's opinion. *See Carmickle*, 533 F.3d at 1162-63.

1   reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775

2   F.3d 1133, 1136-37 (9th Cir. 2014).

3              1.       *The ALJ Erred in Assessing Plaintiff's Activities*

4          The ALJ stated that Plaintiff's activities contradict her allegations of social, physical, and

5   cognitive limitations. AR at 22. An ALJ may properly discount a claimant's allegations if her

6   activities are inconsistent with her alleged limitations. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th

7   Cir. 2007).

8          First, as to social limitations, the Court notes that the ALJ did not identify any social

9   limitations that Plaintiff alleged, and the Court's review of Plaintiff's function report and hearing

10  testimony does not reveal that Plaintiff alleged any such limitations. *See* AR at 22, 33-70, 277-

11  86. Thus, the ALJ's reference to Plaintiff's social capabilities does not provide a basis for

12  discounting her allegations because the ALJ did not identify an inconsistency between Plaintiff's

13  allegations and her activities.

14         As to physical allegations, the ALJ stated that Plaintiff described diffuse body pain with

15  some good days and some bad days. AR at 22. The ALJ found these allegations to be

16  inconsistent with various activities — performing household chores 2-4 times per month, taking

17  the bus within the state of Washington, or participating in swim therapy at the YMCA — but

18  none of these activities is reasonably inconsistent with Plaintiff's allegations.

19         Lastly, as to cognitive allegations, the ALJ contrasted Plaintiff's allegation of an inability

20  to work on a more than part-time basis with Plaintiff's ability to initiate, sustain, and complete

21  tasks. AR at 22. The ALJ did not specify which tasks Plaintiff is able to initiate, sustain, and

22  complete, and thus did not explain how any such tasks would be inconsistent with a limitation to

23  part-time work. *Id.*

Because the ALJ failed to identify with specificity any activities that are reasonably inconsistent with Plaintiff's allegations, the Court finds that this line of the ALJ's reasoning is erroneous and fails to support the ALJ's assessment of Plaintiff's allegations.

>        2.        *The ALJ Did Not Err in Assessing Plaintiff's Work History*

The ALJ noted that Plaintiff had not engaged in substantial gainful activity for multiple years before her alleged onset date, which suggested that her unemployment was not due to her impairments but due to lack of motivation or willingness to work. AR at 22-23. This is a valid reason to discount a claimant's allegation of disability. *See Thomas*, 278 F.3d at 959 (ALJ properly considered "'extremely poor work history'" and showing of "'little propensity to work in [claimant's] lifetime'" as undermining her allegation of disability; noting claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability").

Although Plaintiff contends that this finding is undermined by the ALJ's reference to a treatment note wherein Plaintiff reported to a provider that she desired to re-enter the workforce at that time (AR at 23 (citing *id*. at 726)), this treatment note does not address the years of unemployment referenced by the ALJ, and thus does not undermine the ALJ's findings based on Plaintiff's longitudinal work history.

>        3.        *The ALJ Erred in Assessing the Medical Record*

The ALJ found that Plaintiff's medical records did not corroborate her allegations. AR at 23. In the ALJ's summary of the medical record, the ALJ referenced Dr. Rowe's opinion and mischaracterized it and selectively quoted from it in the same way as discussed *supra*. *Id*. Because the ALJ must reconsider Dr. Rowe's opinion on remand, the Court finds that the ALJ should also reconsider that opinion in connection with assessing Plaintiff's allegations on

remand.

To the extent that the ALJ also found that discrepancies and irregularities noted in Plaintiff's medication usage undermined the reliability of her allegations, this line of reasoning is not erroneous. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999); *Massey v. Comm'r of Social Sec. Admin.*, 400 Fed. Appx. 192, 194 (9th Cir. Oct. 19, 2010) (ALJ's finding that claimant engaged in drug-seeking behavior is a clear and convincing reason for disregarding his testimony).

Because the Court has found several errors in the ALJ's assessment of Plaintiff's allegations, as well as in the ALJ's assessment of the medical evidence, the ALJ should reconsider Plaintiff's allegations on remand.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the opinions of Drs. Arnold and Rowe, reconsider Plaintiff's subjective testimony, and rule on Plaintiff's request for reopening a prior application for benefits.

Dated this 23rd day of November, 2020.


MICHELLE L. PETERSON
United States Magistrate Judge